UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| FIDELIS JOSEPH | CIVIL ACTION NO. 6:11-cv-01929 |
| VERSUS | JUDGE HAIK |
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, WILLIAMS TRANSPORT, AND WILLIAM BARBER | MAGISTRATE JUDGE HANNA |

## **ORDER**

Federal courts are courts of limited jurisdiction[1] and are obligated to examine the basis for the exercise of federal subject-matter jurisdiction.[2] A lack of subject-matter jurisdiction may be raised at any time, and a court may raise the issue *sua sponte*.[3] The burden of establishing federal jurisdiction rests on the party invoking the federal forum;[4] in this case, the plaintiff must bear that burden. When jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged.[5]

---

[1] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2] *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999).

[3] *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

[4] *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998).

[5] *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

The plaintiff contends, in his complaint, that the parties are diverse in citizenship. One of the defendants is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of **all** of its members.[6] When a member of an LLC is itself an LLC or a partnership, **all** of its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations.[7] If any one of the members is not diverse, the LLC is not diverse. This rule applies to Mississippi limited liability companies.[8]

The plaintiff sued Williams Transport, LLC, but he has not identified the members of that company or provided evidence of any member's citizenship. Accordingly, he has not complied with the requirement that each party's citizenship be distinctly and affirmatively alleged.

Failure to adequately establish diversity of citizenship as a basis for subject matter jurisdiction mandates dismissal of the claim.[9] Therefore, when a party has

---

[6] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[7] See *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

[8] *Greenville Imaging, Inc. v. Washington Hospital Corp.*, 326 Fed. App'x 797 (5th Cir. 2009).

[9] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir.1991) ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."); Fed.R.Civ.P. 12(h)(3).

been permitted an opportunity to amend its pleadings to allege the basis for diversity jurisdiction and still fails to do so, dismissal is warranted.[10]

Accordingly,

IT IS ORDERED that, not more than ten days after the date of this order, the plaintiff shall submit a list of the members of Williams Transport, LLC along with summary-judgment style evidence indicating the citizenship of each member.

IT IS FURTHER ORDERED that, if satisfactory evidence is not timely submitted, the plaintiff shall appear in court and show cause, if any he has, at 9:30 a.m. on Wednesday, June 27, 2012, why this action should not be dismissed for lack of subject matter jurisdiction.

Signed at Lafayette, Louisiana on May 22, 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[10] *Stafford v. Mobil Oil Corp.*, 945 F.2d at 805; *Cavender Enterprise Leasing Family, LLC v. First States Investors*, No. 4200 LLC, No. 10-1667, 2011 WL 3664563, at *4 (W.D. La. Jul. 21, 2011).